THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AHOUEFA DAHOUI,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF UTAH; JOSEPH F. COTTIS; GOLDEN CARE; UNIVERSITY OF UTAH; BEST BUY; HHS ENVIRONMENTAL SERVICES; SMITHS; WALMART; SAVERS; WEST VALLEY CITY; COSTCO; and SALT LAKE INTERNATIONAL AIRPORT,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:23-cv-00749-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

      This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Ahouefa Dahoui's ("Ms. Dahoui") complaint.[2] Ms. Dahoui has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Dahoui's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Ms. Dahoui to file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by January 17, 2024.

---

[1] ECF No. 7.

[2] ECF No. 4.

[3] ECF No. 3.

## BACKGROUND

The following background is based upon the court's liberal reading of Ms. Dahoui's complaint, which is disjointed and difficult to decipher. The complaint, which indicates that this case is being brought pursuant to 42 U.S.C. § 1983, names the following parties as Defendants: (1) State of Utah;[4] (2) Joseph F. Cottis ("Mr. Cottis"), who is or was employed as an "examiner"; (3) Golden Customer Care Whole Body Research ("Golden Care")[5]; (4) University of Utah[6]; (5) Best Buy; (6) Hospital Housekeeping Solution ("HHS")[7]; (7) Smith's; (8) Walmart; (9) Savers; (10) West Valley City[8]; (11) Costco; (12) Salt Lake International Airport ("SL Airport"); (13) Whole Foods Store; and (14) Sprouts.[9]

---

[4] Although Ms. Dahoui lists State of Utah as a Defendant in the caption of her complaint, her complaint is devoid of any factual allegations as to State of Utah.

[5] In naming Golden Care as Defendant, Ms. Dahoui also mentions an individual named Katy Brown ("Ms. Brown") who is or was employed at Golden Care as an HR representative. However, Ms. Dahoui's complaint is devoid of any factual allegations as to Ms. Brown.

[6] In naming University of Utah as Defendant, Ms. Dahoui also references an individual named "Chase" as a hospital supervisor at "U of U environment." However, Ms. Dahoui's complaint is devoid of any factual allegations as to "Chase."

[7] In naming HHS as Defendant, Ms. Dahoui also mentions an individual named Matt Riseway ("Mr. Riseway") who is or was employed as manager at Salt Lake Medical Center. However, Ms. Dahoui's complaint is devoid of any factual allegations as to Mr. Riseway.

[8] Although Ms. Dahoui lists West Valley City as a Defendant in the caption of her complaint, her complaint is devoid of any factual allegations as to West Valley City.

[9] ECF No. 4 at 2-16. Ms. Dahoui also appears to assert a claim against her child's elementary school, although the name of the school and her hand-written claims are difficult to construe. ECF No. 4 at 6.

In addition to naming at least fourteen different Defendants, the events underlying Ms. Dahoui's claims against each Defendant appear to be entirely disconnected from one another.[10] For example, Ms. Dahoui alleges that Mr. Cottis violated Ms. Dahoui's "right of polygraph" and "M[i]randa right[s]" and she was "told [Mr. Cottis] passed away when [she] ask[ed] to have a record of polygraph."[11] In her claim against Golden Care, Ms. Dahoui states that "[t]he company intentionally refused all request[s] of help while [she] [was] in pain [and] chronic headache with the signal. Verbal, retaliation, physical[] and emotional abuses. Neglected until [Ms. Dahoui] [is] half disable[d] today."[12]

In her claim against University of Utah, Ms. Dahoui states that she was "denied 2 times at [e]mergency [h]ospital" when she was "going under a severe pain for neck [and] head" she was "neglect[ed] every time [she] check[ed] in. Verbal, physical[] [and] emotional abuses (reported)."[13] Ms. Dahoui also states that she was "call[ed] animal by [her] co-worker while working as a housekeeper at [the] student center."[14] As to her claim against HHS, Ms. Dahoui cites to "trauma, unforgettable. [She] [has] to choose life in order to stand today. [She] is missing words to describe what [she] [went] through."[15] It appears that Ms. Dahoui was employed by HHS as she claims she was "set up to work more than [her] co-worker . . . [and] they [gave] [her]

---

[10] Ms. Dahoui's claims are lengthy and difficult to understand. Therefore, in its summary, the court quotes only what appears to be the main idea of Ms. Dahoui's grievances against each Defendant.

[11] ECF No. 4 at 2.

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.*

[an] impossible schedule."[16] In her claim against Best Buy, Ms. Dahoui claims "[a]buse in the store [she] [has] reported to police back on 08/20/2009. Even recently, on 09/03/23. The abuse never stop[s]."[17]

Ms. Dahoui appears to group her claims of "verbal, physical, [and] emotional abuse" against Smith's, Savers, and Walmart and states she was "traumati[z]ed in all form[s] by [her] phone . . . all [her] electronic device[s] [were] connected to unknown [Wi-Fi]. [She] [has] been blocked to call police for emergency service . . . several times, [she] wake[s] up in the middle of the night to reach out to [her] daughter on [her] phone [with] no success."[18] Ms. Dahoui also makes specific claims against Smith's, stating she "was arrested while exit[ing] the door where [a] Smith's employee pulled the car[t] started moving the item[s] one by one."[19]

In her claim against Costco, Ms. Dahoui asserts she was "stop[ped] by an agent physically abuses camera can speak for me."[20] In her claim against SL Airport, Ms. Dahoui states "[w]hen [she] booked [a] flight [she] believed there was alert. If [she] used economy lot parking, there will be someone with [a] cleaning card [and] dust brown waiting to see [her] and started sweeping under [her] feet, toward [her]."[21] Ms. Dahoui alleges "harassment, physical abuse" against Whole Foods Store and states she was banned from entering the Sugarhouse location.[22]

---

[16] *Id.* at 5.
[17] *Id.*
[18] *Id.* at 7.
[19] *Id.* at 11.
[20] *Id.* at 8.
[21] *Id.* at 9.
[22] *Id.* at 12.

Against Sprouts she asserts "the same thing everywhere [it] is like the system was set up for [her] [to] not feed herself. [She] need[s] an answer from each store."[23]

Based upon all of these allegations, Ms. Dahoui brings a claim of "human rights violation" and "personal humiliation in public – my last name is messy forever."[24]

## LEGAL STANDARDS

To review Ms. Dahoui's complaint under the authority of the IFP Statute, this court must consider two legal standards. First, the court considers the law pertaining to failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Second, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

### I. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[25] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[26] Under that standard, the court "look[s] for plausibility in th[e] complaint."[27] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is

---

[23] *Id.* at 13.

[24] *Id.* at 4.

[25] 28 U.S.C. § 1915(e)(2)(B)(ii).

[26] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[27] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

5

'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[28]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[29] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[30] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[31] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[32] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[33] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[34]

In analyzing Ms. Dahoui's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent

---

[28] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[29] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[30] Fed. R. Civ. P. 8(a)(2).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original).

[32] *Id.*

[33] *Twombly*, 550 U.S. at 555.

[34] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

standard than formal pleadings drafted by lawyers."[35] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[36] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[37] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[38]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[39]

---

[35] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[36] *Bellmon*, 935 F.2d at 1110.

[37] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[38] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[39] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## II.   Frivolousness

The IFP Statute also permits the court to dismiss Plaintiff's amended complaint if its allegations are frivolous.[40] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[41] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[42]

## ANALYSIS

The court orders Ms. Dahoui to file a motion for leave to amend her complaint for three reasons: (I) Ms. Dahoui fails to state a claim under 42 U.S.C. § 1983; (II) Ms. Dahoui's claims appear to be frivolous; and (III) Ms. Dahoui fails to observe the requirements of Fed. R. Civ. P. 20(a)(2) by misjoining separate and unrelated claims against multiple defendants. After

---

[40] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

[41] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[42] *Id.* at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Bellmon*, 935 F.2d at 1108-10.

addressing these issues, the court discusses in (IV) that, despite these deficiencies, the court will afford Ms. Dahoui the opportunity to amend her complaint.

### I. Ms. Dahoui Fails to State a Claim Under Section 1983.

Ms. Dahoui's complaint fails to allege that any Defendant is suable under section 1983. To state a section 1983 claim, a plaintiff must show that she was injured due to state action[43] because private conduct, "no matter how discriminatory or wrongful," may not be redressed by a section 1983 claim.[44] Ms. Dahoui complains of private action. Ms. Dahoui has not demonstrated that Mr. Cottis, Golden Care, Best Buy, HHS, Smith's Walmart, Savers, Costco, Sprouts, or Whole Foods Store were acting under color of state law. These Defendants appear to be private actors, not state actors, and are therefore not suable under section 1983.[45]

Ms. Dahoui also fails to allege that SL Airport is suable under section 1983. Although municipalities may be held liable as "persons" under section 1983[46] municipalities may not be

---

[43] *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 935 (1982).

[44] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations and citation omitted).

[45] Even so, the Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Thus, a private party *may* be considered a state actor if (1) there is a sufficiently close nexus between the government and the challenged conduct; (2) the state has so far insinuated itself into a position of interdependence with a private party; (3) a private party is a willing participant with the state or its agents; and (4) the state delegates to the private party a traditional government function. *Read v. Klein*, 1 Fed. App'x, 866, 870-71 (10th Cir. 2001). For example, although Ms. Dahoui claims Mr. Cottis violated her "M[i]randa right[s]" and "right of polygraph," Ms. Dahoui has not pled any facts demonstrating that Mr. Cottis is a government employee or that, as a private citizen, his actions are significantly intertwined with the state such that his acts can reasonably said to be acts of the government. Therefore Mr. Cottis cannot be sued under section 1983.

[46] *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 690 (1978).

held liable for the acts of their employees on a theory of *respondeat superior*.[47] Rather, "municipal liability is limited to action for which the municipality is actually responsible."[48] Because a municipality may be held liable only for "acts of the *municipality*" as opposed to "acts of *employees* of the municipality,"[49] "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[50] The requisite policy or custom can take various forms[51] but, regardless of its form, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct casual connection between the municipality and the deprivation of federal rights."[52] Ms. Dahoui has not identified a municipal policy or custom that caused her alleged injury. Further, it appears that Ms. Dahoui complains of the actions of individual SL Airport employees, for which Salt Lake City cannot be held responsible.

Finally, the University of Utah, as an arm of the state, is not a "person" within the meaning of section 1983 when sued for monetary damages.[53] However, it is unclear whether Ms. Dahoui seeks monetary damages from the University of Utah or injunctive relief.[54] Therefore, as

---

[47] *Id.* at 691.

[48] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

[49] *Id.* (emphasis in original).

[50] *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted).

[51] *See, e.g.*, *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

[52] *Brown*, 520 U.S. at 404.

[53] *See, e.g.*, *Watson v. University of Utah Medical Center*, 75 F.3d 569, 574-75 (10th Cir. 1996); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

[54] Without tying her request for relief to any one Defendant, Ms. Dahoui states she believes she is entitled to the following relief: "10 years looked for job[.] Verbal[], physical[,and] emotional[]

it stands, the University of Utah is also not suable under section 1983. Accordingly, Ms. Dahoui fails to state a section 1983 claim against any of the named Defendants.

## II. Ms. Dahoui's Complaint is Frivolous.

The court also concludes that Ms. Dahoui's complaint is frivolous. As noted above, the IFP Statute's term "frivolous" includes complaint that contain "fanciful factual allegation[s]"[55] that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[56] The term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist."[57] Based upon the foregoing summary of Ms. Dahoui's complaint, the court concludes that it falls squarely within those two categories.

## III. Ms. Dahoui Fails to Observe the Requirements of Fed. R. Civ. P. 20(a)(2) by Misjoining Separate and Unrelated Claims Against Multiple Defendants.

Ms. Dahoui complaint also violates Fed. R. Civ. P. 20(a)(2)(A) by misjoining separate and unrelated claims against multiple defendants. This rule provides that defendants may be joined in an action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence . . . ."[58] "Misjoinder [under Fed. R. Civ. P. 21], on the other hand, occurs where there is no common

---

abuses [in] all forms. Trauma [and] mental health that connect[s] to my single day life [and] my family. Trauma at school [and] in the society." ECF No. 4 at 15.

[55] *Neitzke*, 490 U.S. at 325.

[56] *Denton*, 504 U.S. at 33.

[57] *Neitzke*, 490 U.S. at 327.

[58] Fed. R. Civ. P. 20(a)(2)(A).

question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."[59]

As discussed above, each of Ms. Dahoui's claims appear to involve separate incidents and different individuals. Accordingly, Ms. Dahoui's claims against Defendants rely on independent factual circumstances and are impermissibly joined. However, "[m]isjoinder of parties is not a ground for dismissing an action."[60] Instead, complaints like Ms. Dahoui's should be dealt with by either severing the action into separate lawsuits or dismissing improperly joined defendants.[61] Because the court is allowing Ms. Dahoui to amend her complaint, she should be mindful of the joinder requirements of Rule 20(a)(2).

## IV.   The Court Permits Ms. Dahoui to File for Leave to Amend Her Complaint.

Based upon the foregoing analysis, Ms. Dahoui has failed to state a plausible claim for relief. Indeed, because it lacks an arguable basis in law or fact, the complaint is frivolous. Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[62] Accordingly, the court orders Ms. Dahoui to file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by January 17, 2024. The court will then address whether Ms. Dahoui's proposed amended

---

[59] *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006).

[60] Fed. R. Civ. P. 21.

[61] *Id.*

[62] *Kay,* 500 F.3d at 1217 (internal quotations omitted).

complaint states a claim for relief. If it fails to do so, this may result in a recommendation to dismiss this action.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1. Ms. Dahoui is ordered to file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by January 17, 2024. The words "Motion for Leave to File an Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Dahoui's failure to file an amended complaint may result in a recommendation to dismiss this action.

IT IS SO ORDERED.

DATED this 20th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge