THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AHOUEFA DAHOUI,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH; JOSEPH F. COTTIS; GOLDEN CARE; UNIVERSITY OF UTAH; BEST BUY; HHS ENVIRONMENTAL SERVICES; SMITHS; WALMART; SAVERS; WEST VALLEY CITY; COSTCO; and SALT LAKE INTERNATIONAL AIRPORT,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00749-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Ahouefa Dahoui's ("Ms. Dahoui") motion to amend her complaint.[2] Ms. Dahoui has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Dahoui's proposed amended complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that District Judge Jill N. Parrish deny Ms. Dahoui's motion to amend complaint and dismiss this action with prejudice.

---

[1] ECF No. 7.

[2] ECF No. 11.

[3] ECF No. 3.

**BACKGROUND**

I. **Ms. Dahoui's Original Complaint**

The following background is based upon the court's liberal reading of Ms. Dahoui's original complaint, which was disjointed and difficult to decipher. The complaint, which indicated that this case was being brought pursuant to 42 U.S.C. § 1983, named the following parties as Defendants: (1) State of Utah;[4] (2) Joseph F. Cottis ("Mr. Cottis"), who is or was employed as an "examiner"; (3) Golden Customer Care Whole Body Research ("Golden Care");[5] (4) University of Utah;[6] (5) Best Buy; (6) Hospital Housekeeping Solution ("HHS");[7] (7) Smith's; (8) Walmart; (9) Savers; (10) West Valley City;[8] (11) Costco; (12) Salt Lake International Airport ("SL Airport"); (13) Whole Foods Store; and (14) Sprouts.[9]

---

[4] Although Ms. Dahoui listed State of Utah as a Defendant in the caption of her complaint, her complaint was devoid of any factual allegations as to State of Utah.

[5] In naming Golden Care as Defendant, Ms. Dahoui also mentioned an individual named Katy Brown ("Ms. Brown") who is or was employed at Golden Care as an HR representative. However, Ms. Dahoui's complaint was devoid of any factual allegations as to Ms. Brown.

[6] In naming University of Utah as Defendant, Ms. Dahoui also referenced an individual named "Chase" as a hospital supervisor at "U of U environment." However, Ms. Dahoui's complaint was devoid of any factual allegations as to "Chase."

[7] In naming HHS as Defendant, Ms. Dahoui also mentioned an individual named Matt Riseway ("Mr. Riseway") who is or was employed as manager at Salt Lake Medical Center. However, Ms. Dahoui's complaint was devoid of any factual allegations as to Mr. Riseway.

[8] Although Ms. Dahoui listed West Valley City as a Defendant in the caption of her complaint, her complaint was devoid of any factual allegations as to West Valley City.

[9] ECF No. 4 at 2-16. Ms. Dahoui also appeared to assert a claim against her child's elementary school, although the name of the school and her hand-written claims were difficult to construe. ECF No. 4 at 6.

In addition to naming at least fourteen different Defendants, the events underlying Ms. Dahoui's claims against each Defendant appeared to be entirely disconnected from one another.[10] For example, Ms. Dahoui alleged that Mr. Cottis violated Ms. Dahoui's "right of polygraph" and "M[i]randa right[s]" and she was "told [Mr. Cottis] passed away when [she] ask[ed] to have a record of polygraph."[11] In her claim against Golden Care, Ms. Dahoui stated that "[t]he company intentionally refused all request[s] of help while [she] [was] in pain [and] chronic headache with the signal. Verbal, retaliation, physical[] and emotional abuses. Neglected until [Ms. Dahoui] [is] half disable[d] today."[12]

In her claim against University of Utah, Ms. Dahoui stated that she was "denied 2 times at [e]mergency [h]ospital" when she was "going under a severe pain for neck [and] head" she was "neglect[ed] every time [she] check[ed] in. Verbal, physical[] [and] emotional abuses (reported)."[13] Ms. Dahoui also stated that she was "call[ed] animal by [her] co-worker while working as a housekeeper at [the] student center."[14] As to her claim against HHS, Ms. Dahoui cited to "trauma, unforgettable. [She] [has] to choose life in order to stand today. [She] is missing words to describe what [she] [went] through."[15] It appeared that Ms. Dahoui was employed by HHS as she claimed she was "set up to work more than [her] co-worker . . . [and] they [gave]

---

[10] Ms. Dahoui's claims were lengthy and difficult to understand. Therefore, in its summary, the court quoted only what appeared to be the main idea of Ms. Dahoui's grievances against each Defendant.

[11] ECF No. 4 at 2.

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.*

[her] [an] impossible schedule."[16] In her claim against Best Buy, Ms. Dahoui claimed "[a]buse in the store [she] [has] reported to police back on 08/20/2009. Even recently, on 09/03/23. The abuse never stop[s]."[17]

Ms. Dahoui appeared to group her claims of "verbal, physical, [and] emotional abuse" against Smith's, Savers, and Walmart and stated she was "traumati[z]ed in all form[s] by [her] phone . . . all [her] electronic device[s] [were] connected to unknown [Wi-Fi]. [She] [has] been blocked to call police for emergency service . . . several times, [she] wake[s] up in the middle of the night to reach out to [her] daughter on [her] phone [with] no success."[18] Ms. Dahoui also made specific claims against Smith's, stating she "was arrested while exit[ing] the door where [a] Smith's employee pulled the car[t] started moving the item[s] one by one."[19]

In her claim against Costco, Ms. Dahoui asserted she was "stop[ped] by an agent physically abuses camera can speak for me."[20] In her claim against SL Airport, Ms. Dahoui stated "[w]hen [she] booked [a] flight [she] believed there was alert. If [she] used economy lot parking, there will be someone with [a] cleaning card [and] dust brown waiting to see [her] and started sweeping under [her] feet, toward [her]."[21] Ms. Dahoui alleged "harassment, physical abuse" against Whole Foods Store and stated she was banned from entering the Sugarhouse

---

[16] *Id.* at 5.

[17] *Id.*

[18] *Id.* at 7.

[19] *Id.* at 11.

[20] *Id.* at 8.

[21] *Id.* at 9.

4

location.[22] Against Sprouts she asserted "the same thing everywhere [it] is like the system was set up for [her] [to] not feed herself. [She] need[s] an answer from each store."[23] Based upon all of these allegations, Ms. Dahoui brought claims of "human rights violation" and "personal humiliation in public – my last name is messy forever."[24]

In a December 20, 2023 Memorandum Decision and Order, the court reviewed the sufficiency of Ms. Dahoui's original complaint under the authority of the IFP Statute.[25] After analyzing each of Ms. Dahoui's claims, the court concluded that (1) Ms. Dahoui failed to state a claim under 42 U.S.C. § 1983; (2) Ms. Dahoui's claims appeared to be frivolous; and (3) Ms. Dahoui failed to observe the requirements of Fed. R. Civ. P. 20(a)(2) by misjoining separate and unrelated claims against multiple defendants.[26] However, the court provided Ms. Dahoui with an opportunity to amend her complaint.[27]

## II.  Ms. Dahoui's Amended Complaint

Following the court's order, Ms. Dahoui filed a proposed amended complaint on January 5, 2024, naming State of Utah as sole Defendant.[28] There, Ms. Dahoui appears to assert causes of action for "human rights violation humiliation in public" and "falsely accuse [that Ms. Dahoui]

---

[22] *Id.* at 12.

[23] *Id.* at 13.

[24] *Id.* at 4.

[25] ECF No. 9.

[26] *Id.* at 9-12.

[27] *Id.* at 12-13.

[28] ECF No. 11.

stole from people," purportedly under 42 U.S.C. § 1983. Ms. Dahoui's amended complaint contains the following allegations in support of her claims:

> Death threat was set up for [her] in every workplace. [She] reported to police (SLC, WV . .) no response. [She] constantly hear[s]: 'We will kill you' 'We will baby shower you until you die' 'We will stuck you[.]' Trauma – physically bullying, retaliation verbal abuses, emotional[] abuses . . . . Intentionally hurting [her] while working . . . [She] was locked or blocked to have [a] job over 10 years (from 2005 to 2016) . . . . [her] worker compensation was trashed and the case was closed without notice with over 300 pages [of] medical record[s]. EMT [and] MRI could support [her] health condition today[.] [She] [has] a limitation in [her] health[.] [She] can[] never work in call center or extreme physical work.[29]

## LEGAL STANDARDS

To review Ms. Dahoui's proposed amended complaint under the authority of the IFP Statute, this court must consider two legal standards. First, the court considers the law pertaining to failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Second, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

### I. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[30] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P.

---

[29] *Id.* at 3-5.
[30] 28 U.S.C. § 1915(e)(2)(B)(ii).

12(b)(6).[31] Under that standard, the court "look[s] for plausibility in th[e] complaint."[32] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[33]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[34] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[35] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[36] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[37] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[38] The twin purposes of a complaint are to give the opposing

---

[31] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[32] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[33] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[34] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[35] Fed. R. Civ. P. 8(a)(2).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original).

[37] *Id*.

[38] *Twombly*, 550 U.S. at 555.

party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[39]

In analyzing Ms. Dahoui's proposed amended complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[40] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[41] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[42] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[43]

---

[39] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[40] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[41] *Bellmon*, 935 F.2d at 1110.

[42] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[43] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[44]

## II. Frivolousness

The IFP Statute also permits the court to dismiss Plaintiff's amended complaint if its allegations are frivolous.[45] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[46] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[47]

---

[44] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[45] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

[46] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

[47] *Id.* at 327-28; *see also Denton v. Hernandez,* 504 U.S. 25, 33 (1992); *Bellmon,* 935 F.2d at 1108-10.

ANALYSIS

The court recommends that Judge Parrish deny Ms. Dahoui's motion to amend complaint for two reasons: (I) Ms. Dahoui fails to state a claim upon which relief can be granted; (II) Ms. Dahoui's claims appear to be frivolous. After addressing these issues, the court discusses in (III) that providing Ms. Dahoui with another opportunity to amend her complaint would be futile. Accordingly, the court recommends that this action be dismissed with prejudice.

I. **Ms. Dahoui Fails to State a Claim Upon Which Relief Can Be Granted.**

After reviewing Ms. Dahoui's proposed amended complaint, the court concludes that all the factual allegations therein are conclusory in nature, and therefore, fail to satisfy the minimum pleading standards required under Rule 8(a)(2) and Rule 12(b)(6). Ms. Dahoui fails to make any specific, intelligible allegations about State of Utah's alleged actions. Instead, she makes only conclusory allegations devoid of factual support including: "death threat was set up for [her] in every work place" "trauma, physically bullying – retaliation, verbal abuses, emotional[] abuses," "intentionally hurting me while working," "falsely accuse [that Ms. Dahoui] stole from people" "[her] worker compensation was trashed [and] the case was closed without notice with over 300 pages [of] medical record[s]."[48] These conclusory allegations without supporting facts are insufficient to state a claim on which relief can be granted. Furthermore, Ms. Dahoui has failed to allege that any of her claims relate to the violation of a federally protected right and, therefore, she has not stated a claim for relief under § 1983. Accordingly, all of Ms. Dahoui's claims fail.

---

[48] ECF No. 11 at 3-5.

## II. Ms. Dahoui's Complaint is Frivolous.

The court also concludes that Ms. Dahoui's proposed amended complaint is frivolous. As noted above, the IFP Statute's term "frivolous" includes complaint that contain "fanciful factual allegation[s]"[49] that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[50] The term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist."[51] Based upon the foregoing summary of Ms. Dahoui's proposed amended complaint, the court concludes that it falls squarely within those two categories.

## III. Providing Ms. Dahoui With Another Opportunity to Amend Her Complaint Would Be Futile.

Based upon the foregoing analysis, Ms. Dahoui has failed to state a plausible claim for relief. Indeed, because it lacks an arguable basis in law or fact, Ms. Dahoui's proposed amended complaint is frivolous. After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[52] In the court's order to amend—which reviewed the sufficiency of Ms. Dahoui's original complaint under the authority of the IFP Statute—the court concluded that Ms. Dahoui had failed to state a claim and that her complaint was frivolous.[53] The court provided Ms.

---

[49] *Neitzke*, 490 U.S. at 325.

[50] *Denton*, 504 U.S. at 33.

[51] *Neitzke*, 490 U.S. at 327.

[52] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[53] ECF No. 9 at 8-11.

Dahoui with an opportunity to correct the deficiencies in her complaint by filing a motion for leave to amend her complaint and noted that failure to file such a motion could result in a recommendation to dismiss this action.[54] Although Ms. Dahoui has cured the issue of misjoinder of parties the court identified in its previous order, she fails to state a claim against now-sole-Defendant State of Utah, and her claims still appear to be frivolous. Accordingly, providing her with another chance to amend her complaint would be futile. Therefore, the court recommends denying Ms. Dahoui's motion to amend and dismissing this action with prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court recommends denying Ms. Dahoui's motion to amend complaint[55] and dismissing this action with prejudice. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[56] The parties must file any objections to this Report and Recommendation within fourteen days after being served with a copy of it.[57] Failure to object may constitute waiver of objections upon subsequent review.

---

[54] *Id.* at 12-13.

[55] ECF No. 11.

[56] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[57] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

IT IS SO ORDERED.

DATED this 24th day of January 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge